THE UNITED STATES, APPELLANTS, *v.* JUAN MANUEL VACA AND JUAN FELIPE PENA.

Where there was a grant of land in California in 1843, with three boundaries and the quantity stated; and in 1845 a new grant was made which was approved by the departmental assembly, subject to the condition, that within four months a map of the land should be made; this was a condition subsequent, the non-compliance with which did not work a forfeiture of the grant, but only left the land liable to be denounced.

Moreover, the disturbed state of the country was a sufficient reason for not making the survey.

THIS was an appeal from the district court of the United States for the northern district of California.

The facts are stated in the opinion of the court.

It was argued by *Mr. Cushing,* (attorney-general,) for the United States, and by *Mr. Jones,* with whom was *Mr. Strode,* for the appellees.

Mr. Justice GRIER delivered the opinion of the court.

On the 27th January, 1843, the claimants and appellees in this case, Juan Manuel Vaca and José Phelipe Peña, (the latter under the name of Armijo,) received a grant of land from Michel-torena, then governor; the boundaries of which, as stated in the grant, are the Sacramento River on the east, on the west the Sierra of Napa; at the north, the Creek of Lihuaytos, (which was also given as the name by which the tract should be designated,) and the extent ten sitios de ganado mayor. Prior to this grant, a sketch or map was furnished, according to the law, as is shown in the recitals of the grant.

The grant was made, as expressed in it, subject to " the measurements to be made of contiguous ranchos," and the juridical possession to be given after the confirmation of the grant.

Among the contiguous ranchos, on the same creek or river, and which had not been measured, was that of William Wolfskill. Between the claimants and Wolfskill a dispute of boundary arose, which prevented the lands of either from being measured, which continued till 1845.

In 1845, the dispute was settled by proceedings had before the proper authorities, in which it was agreed that Wolfskill should remain with the lands that he claimed on the upper part of the creek, and Vaca and Peña should take theirs adjoining his on the east.

Vaca and Peña petitioned to Governor Pico for a new grant, corresponding to the agreement, and producing the former grant as a foundation for it.

The governor made the grant according to the agreement, bounding the rancho by the eastern limits of Wolfskill, and subject to the measurement to be made of the contiguous ranchos previously conceded.

The prior proceedings and decree of concession were passed to the departmental assembly, and the concession was approved, under the condition that within four months they should put in the hands of the governor a proper map of the land.

The grant by Pico designated the tract as " Los Putos." The stream of Los Putos is the same called in the former grant " Lihuaytos."

It is not worth while to inquire whether the departmental assembly had any authority to annex new conditions to the grant thus approved by them. It is a condition subsequent, which, at the worst, only left the title of the grantee open to be denounced. But as the claimant was hindered from performing it by the revolutionary state of the country, the non-fulfilment of it will not work a forfeiture of his title.

The chief objection urged to this grant, is the want of a survey, and that there is no sufficient designation of boundaries to sever it from the public domain. It is a sufficient answer to this —that the quantity is defined and the general locality. The claimant had been in possession before applying for the grant under a license from Vallejo ; the tract was known by the designation of " Los Putos," or " Lihuaytos." It was to be located on the eastern boundary of Wolfskill, and on the margin of the river.

The district court confirmed the grant on the authority of the case of Fremont *v.* United States, 17 How. 542. As that case is directly in point and overrules the objections made to this grant, we do not think it necessary to pursue the subject further.

The decree of the district court is affirmed.

Mr. Justice DANIEL dissented.

For the reasons of his dissent see the preceding case of Arguello *v.* The United States.